UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ANTHONY ROBINSON, JR., | No.  2:26-cv-01654-DC-SCR |
| Plaintiff, | |
| v. | ORDER |
| CAR MAX AUTO FINANCE, LLC, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff has filed a motion for leave to proceed in forma pauperis ("IFP") and has submitted a declaration listing his income and expenses and averring an inability to pay the costs of this proceeding.  The motion to proceed IFP (ECF No. 2) will therefore be granted.  However, for the reasons provided below, the Court finds Plaintiff's complaint is legally deficient and will grant Plaintiff leave to file an amended complaint.

## I.  SCREENING

### A.    Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure.  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  *Erickson*, 551 U.S. at 94.  However, the court need not accept as true legal conclusions, even if cast as factual allegations.  *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B.    The Complaint

Plaintiff's complaint appears to name three Defendants: 1) CarMax Auto Finance LLC; 2) U.S. Bank Trust Company, N.A.; and 3) CarMax Auto Superstore, Inc. ECF No. 1 at 1-2. Plaintiff alleges that this Court has jurisdiction because he is alleging claims under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") and the Truth In Lending Act, 15 U.S.C. § 1601, et seq. ("TILA"). ECF No. 1 at 1. Plaintiff alleges that he entered into a consumer credit transaction in August 2022. ECF No. 1 at ¶ 10. Plaintiff alleges his application was "deposited as an asset per GAAP and double-entry bookkeeping standards without Plaintiff's knowledge or authorization." *Id.* at ¶ 11. He claims his application was "converted" and that Defendants received "undisclosed consideration while falsely identifying Plaintiff as debtor." *Id.* at ¶ 12. Plaintiff states he has made repeated good faith efforts to resolve the matter, but Defendants continue to demand payment of the alleged debt. *Id.* at ¶ 15.

Plaintiff lists five claims for relief: 1) conversion; 2) breach of contract/fraud in the inducement; 3) failure to disclose under TILA; 4) "FDCA violations"; and 5) unjust enrichment. ECF No. 1 at 4-5. Plaintiff seeks $5 million in damages. *Id.* at ¶ 45. Plaintiff includes several attachments to the complaint. The first is a letter dated December 10, 2023, in which he states that he wants to "rescind the security interest and my consent to be liable" under a contract with CarMax Auto Superstores, Inc. ECF No. 1 at 9. In the letter, Plaintiff complains of alleged "false and deceptive" information being provided, such as that he needed to pay $2,500 to drive the car off the lot. *Id.* Other attachments include email exchanges with CarMax. In one such exchange, dated March 26, 2025, Plaintiff states there has been an unlawful repossession which is in

violation of CarMax's "binding arbitration agreement."  ECF No. 1 at 15.

C.    Analysis

Plaintiff's complaint contains a jurisdictional statement and request for relief, but it does not fully comply with Rule 8 in that it fails to present a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.  The complaint does not sufficiently put Defendants on notice of the claims against them.  The complaint names three Defendants, but refers to Defendants collectively and does not make specific allegations against each Defendant.  The attachments to the complaint seem to all involve CarMax Auto Superstore, Inc.

Plaintiff's complaint asserts three claims under state law, and the two federal claims under the FDCPA and TILA.  The Court will primarily address the federal claims herein, because if Plaintiff fails to state a federal claim the Court would decline supplemental jurisdiction over the state law claims.  The Court finds that Plaintiff fails to state a federal claim.  As to Count III alleging violation of TILA, Plaintiff alleges that Defendants collectively failed to disclose the nature of the transaction, such failure was material, and he was damaged.  Plaintiff's allegations are conclusory, and merely reference several provisions of statute without setting forth applicable facts.  Plaintiff's allegations in Count IV concerning the FDCPA are similar.  Plaintiff alleges various statutory provisions were violated, without making specific allegations as to a particular Defendant or the Defendant's conduct.  For example, Plaintiff alleges: "Defendants violated § 1692f by using unfair means to collect debts not owed."  ECF No. 1 at ¶ 34.

A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  *See Twombly*, 550 U.S. at 555-57; *Iqbal*, 556 U.S. at 678.  To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

Additionally, many of Plaintiff's federal claims appear to be time-barred.  Plaintiff alleges that he entered into consumer credit transaction on August 11, 2022.  Plaintiff did not file this

action until April 28, 2026.  The statute of limitations on a TILA damages claim is one-year.  *See* 15 U.S.C. § 1640(e); *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003).  The statute of limitations for a TILA recission claim is three years.  *See Beach v. Ocwen Federal Bank*, 523 U.S. 410, 411-12 (1998), citing 15 U.S.C. § 1635(f).  In *Meyer*, the Ninth Circuit found the claims concerning failure to make required disclosures occurred at the time the loan papers were signed: "The failure to make the required disclosures occurred, if at all, at the time the loan documents were signed. The [plaintiffs] were in full possession of all information relevant to the discovery of a TILA violation and a § 1640(a) damages claim on the day the loan papers were signed." 342 F.3d at 902.  Plaintiff's claim of failure to make required disclosures would have occurred at the time the transaction was entered into, in August 2022.  Plaintiff then had one year to file an action for damages, and did not file this suit until more than three years after the transaction.

As to Plaintiff's FDCPA claims, it is less clear when the alleged violations occurred.  The FDCPA has a one-year statute of limitations.  *See* 15 U.S.C. § 1692k(d).  There is no "discovery rule" for FDCPA claims, so absent an applicable equitable doctrine, the statute of limitations in § 1692k(d) begins to run on the date of the alleged violation, not the date on which the violation was discovered.  *See Brown v. Transworld Systems, Inc.*, 73 F.4th 1030, 1040-41 (9th Cir. 2023).  From the documents attached to the complaint, it appears that Plaintiff's vehicle had been repossessed by March 2025.  Plaintiff did not file suit until more than one year later, in April 2026.

Concerning Plaintiff's state law claims, Counts I and II allege fraudulent conduct.  Claims of fraud must be pled with particularity pursuant to Federal Rule of Civil Procedure 9(b).  Rule 9(b)'s particularity requirement applies to state law causes of action.  *See Vess v. Ciba-Geigy Corp.*, 307 F.3d 1097, 1103 (9th Cir. 2003).  Even where fraud is not a necessary element of a claim, if the claim is "grounded in fraud" or "sound[s] in fraud," the "pleading of the claim as a whole must satisfy the particularity requirement of Rule 9(b)."  *Id.* at 1103-04.  Plaintiff's pleading of fraud is largely conclusory.  In order to meet the heightened pleading standard, "a

5

party must state the particularity of the circumstances constituting fraud," meaning that the "pleading must identify the who, what, when, where, and how of the misconduct charged." *United States ex rel. Cafasso v. Gen. Dynamics*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal citations and quotation omitted).  Plaintiff's complaint fails to meet this standard.

Under 28 U.S.C. § 1915(e), the Court "shall dismiss the case at any time" if it fails to state a claim on which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  However, Plaintiff is proceeding pro se and a pro se litigant should be given leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  Plaintiff has not alleged sufficient factual content to state a claim.  However, given the vagueness of the factual allegations, rather than recommending dismissal of the action, the undersigned will provide Plaintiff an opportunity to amend the complaint to allege facts supporting a cognizable cause of action.

## II.  AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, it must contain a short and plain statement of Plaintiff's claims.  The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way.

The amended complaint must not force the Court or the Defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended complaint should contain specific allegations as to the actions of each named defendant rather than making conclusory allegations that the defendants acted collectively.  Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete.  An amended complaint must be complete in itself without reference to any prior

pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff's amended complaint must address the issues set forth herein.  Plaintiff should allege facts demonstrating that his claims are timely, or allege a basis for tolling.  Plaintiff must allege enough factual content in support of his claims to state a claim to relief that is plausible on its face.

### III.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

2.  Plaintiff **shall have 30 days from the date of this order** to file an amended complaint that addresses the defects set forth above.  If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

3.  Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: May 31, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

7